STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

February 3, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**FRED L. LOYD,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0366**  (BOR Appeal No. 2048831)
                (Claim No. 2011037422)

**AKER CONSTRUCTION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Fred L. Loyd, by Stephen New, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Aker Construction, by Gary Nickerson and James Heslep, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 18, 2014, in which the Board affirmed a September 18, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 19, 2013, decision denying authorization for lumbar injections and treatment of the lumbar spine. Additionally, the Office of Judges affirmed the claims administrator's May 31, 2013, decision denying authorization for a referral for a second opinion to evaluate/treat the lumbar spine. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Loyd injured his lower back and right shoulder on May 13, 2011, while installing cable during the course of his employment as an electrician, and the claim was held compensable for a lumbar sprain and unspecified sprain of the arm/shoulder. Three days after the compensable injury, Mr. Loyd sought treatment for lower back and right shoulder pain. Radiographs of the lumbar spine were obtained and revealed multilevel degenerative disc disease and facet joint

arthropathy without evidence of an acute injury. On June 27, 2011, a lumbosacral MRI was performed and revealed multilevel advanced lumbar spine degeneration with moderate canal narrowing at L2-L3 and T12-L1 and also revealed moderate foraminal narrowing at L5-S1. It was noted that the MRI findings remain unchanged from those of a pre-injury study performed on February 16, 2011, amid complaints of lumbago, weakness, numbness, and leg pain. On September 17, 2012, Anna Allen, M.D., Mr. Loyd's treating physician, was deposed. She testified that the compensable lumbar sprain has likely reached maximum medical improvement and noted that the post-injury lumbosacral MRI revealed advanced lumbar spine degeneration that was unchanged from the pre-injury lumbar spine MRI.

On January 15, 2013, authorization was requested for lumbar injections and treatment of the lumbar spine. On February 11, 2013, Joseph Grady, M.D., performed an independent medical evaluation. Regarding the request for authorization of lumbar injections, Dr. Grady noted that Mr. Loyd previously underwent a round of injections and opined that additional injections were not likely to alleviate Mr. Loyd's lower back symptoms. He further opined that Mr. Loyd has reached maximum medical improvement regarding the compensable lumbar sprain and concluded that the lumbar sprain was superimposed on pre-existing degenerative changes, which are likely contributing to his symptoms.

The claims administrator initially denied the request for authorization of lumbar injections and treatment of the lumbar spine on March 4, 2013. Also on March 4, 2013, Dr. Allen requested a referral for a second opinion to evaluate/treat the lumbar spine. On April 16, 2013, the StreetSelect Grievance Board considered the request for authorization of lumbar injections and treatment of the lumbar spine. The Grievance Board noted that the only compensable condition regarding the lumbar spine is a lumbar sprain, and further noted that the record contains evidence of pre-existing degenerative changes in the lumbar spine. Additionally, the Grievance Board noted that Mr. Loyd's current treatment has exceeded the treatment guidelines contained in West Virginia Code of State Rules § 85-20 (2006). The Grievance Board then concluded that the claims administrator's denial of authorization for lumbar injections and treatment for the lumbar spine was appropriate. On April 19, 2013, the claims administrator affirmed its initial denial of authorization for lumbar injections and treatment of the lumbar spine.

On April 24, 2013, the claims administrator denied authorization for Dr. Allen's request for a referral for a second opinion to evaluate/treat the lumbar spine. On May 29, 2013, the Grievance Board considered Dr. Allen's request for a second opinion. Once again, it noted the presence of pre-existing degenerative changes and again found that Mr. Loyd's treatment has exceeded the treatment guidelines for a lumbar sprain contained in West Virginia Code of State Rules § 85-20. The Grievance Board then found that it appears that the request for treatment is aimed at treating pre-existing degenerative disease and concluded that the denial of authorization for a referral for a second opinion was appropriate. On May 31, 2013, the claims administrator affirmed its initial denial of a referral for a second opinion to evaluate/treat the lumbar spine.

In its Order affirming the April 19, 2013, and May 31, 2013, claims administrator's decisions, the Office of Judges held that the requests for injections and treatment of the lumbar

spine and for a referral for a second opinion to evaluate/treat the lumbar spine do not constitute medically related and reasonably required treatment in relation to the compensable lumbar sprain sustained on May 13, 2011. Mr. Loyd disagrees and asserts that the evidence of record demonstrates that he is entitled to authorization for the requested lumbar injections, treatment of the lumbar spine, and a referral for a second opinion to evaluate/treat the lumbar spine.

The Office of Judges noted that the record is replete with evidence revealing the presence of pre-existing degenerative disc disease. In particular, the Office of Judges found that medical records dating to 2009 document Mr. Loyd's ongoing complaints of chronic lumbar spine pain. Further, the Office of Judges noted that diagnostic imaging performed both before and after the compensable injury revealed the presence of pre-existing degenerative disease with no evidence of an acute injury. The Office of Judges then found that the evidentiary record establishes that Mr. Loyd sustained only a soft tissue injury to his lower spine on May 13, 2011, for which he has reached maximum medical improvement. Finally, the Office of Judges concluded that the request for injections and treatment of the lumbar spine and for a referral for a second opinion to treat/evaluate the lumbar spine are more likely than not the result of pre-existing, non-compensable degenerative disease and are unrelated to the May 13, 2011, compensable injury. The Board of Review reached the same reasoned conclusions in its decision of March 18, 2014. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  February 3, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II